## No. 25051

**The People of the State of Colorado v. Ralph Leon Tull a/k/a Jack Wilson**
(497 P.2d 3)

Decided April 17, 1972.

152

David L. Wood, District Attorney, Loren B. Schall, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Don L. Nelson, Deputy, Edwin L. Felter, Jr., Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

█ On January 23, 1969, a complaint was filed in the county court of Larimer County charging the defendant with grand theft, and a warrant was issued thereunder. While we perceive nothing in the record to support the finding, the district court, in the order which is not before us on appeal, found that on the same day the defendant was advised of his rights at the sheriff's office in Larimer County.[1] On the following day, at the police department in the City and County of Denver, the defendant was advised of his rights by the same person who signed the Larimer County complaint. Thereafter he was convicted of aggravated robbery in the district court in Denver, and was sentenced to a term of 20 years to life in the penitentiary.

A detainer under the Larimer County warrant was lodged

---

[1] The papers in the record concerning advisement on that day were with respect to the questioning of one Don Steven Ellis.

against him at the penitentiary. On September 23, 1970, the defendant requested final disposition of the detainer under the Uniform Mandatory Disposition of Detainers Act. 1969 Perm. Supp., C.R.S. 1963, 39-23-1 *et seq.* He was returned to Larimer County, and the warrant of January 23, 1969 bears a return which states that the defendant was arrested thereunder on November 5, 1970. At a preliminary hearing held by the county court, the defendant was bound over to the Larimer County district court. The defendant then filed a motion to dismiss based upon his constitutional right to a speedy trial and Crim. P. 48(b). A hearing was held on this motion at which no evidence was taken and the court heard the arguments of counsel. On December 1, 1970, the court entered an order granting the motion, predicated upon its conclusion that a delay of more than a year and eight months since the warrant was issued was unreasonable. The People appealed.

During oral argument counsel for the defendant argued that the defendant had been arrested on January 23, 1969, under the warrant issued on the same day. Counsel further stated that, if the defendant had not been so arrested at that time, the defendant's position is untenable. So far as the record discloses, any arrest in Larimer County on January 23, 1969 might have been under a warrant issued in Denver. Except for the court's finding that the defendant was advised of his rights in Larimer County on January 23, 1969, there is nothing in the record to show that the defendant was ever in Larimer County prior to the time he was sent there from the penitentiary in the fall of 1970. Further, the record in its present state shows rather affirmatively that the warrant of January 23, 1969 was not executed until November 5, 1970. Therefore, we must reverse. If the defendant can show that he was in fact arrested in Larimer County under the warrant on January 23, 1969, he may renew his motion.

In this matter, we have reached neither the question as to whether the defendant's rights to a speedy trial would have been violated if he had been arrested on January 23, 1969 under the Larimer County warrant, nor any interpretation of

the Uniform Mandatory Disposition of Detainers Act.

The defendant in arguing that the motion to dismiss was properly sustained under Crim. P. 48(b) has confined his argument to the second sentence of this portion of the rule which relates to a situation in which there is a delay of more than a year after the trial court obtained jurisdiction. The first sentence provides:

"If, after the filing of a complaint, there is unnecessary delay in finding an indictment or filing an information against a defendant who has been held to answer in a district court, the court may dismiss the prosecution."

Since the defendant did not urge the first sentence, and apparently the court did not act under it, we do not pass upon what effect it may have here. This still can be brought to the attention of the court.

The judgment of the trial court is reversed and the cause remanded with directions to reinstate the charge against the defendant.